THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00164-MR

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, ) ) ) Plaintiff, ) ) vs. ) ) ) STELLETTA SMITH-HOWELL and ) TRAVIS FLACK, ) ) Defendants. ) _____ ) | **ORDER AND JUDGMENT OF DEFAULT** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Default Judgment [Doc. 17] and the Plaintiff's Application for Award of Attorneys' Fees and Costs [Doc. 19].

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On June 12, 2018, the Plaintiff Metropolitan Life Insurance Company ("MetLife") filed a Complaint in Interpleader with respect to certain life insurance benefits which became payable upon the death of Lester Flack, Jr. ("Decedent"). [Doc. 1]. The Decedent was an employee of Daimler Trucks North America, LLC ("Daimler") and a participant in the Daimler

Group Life Insurance Program ("the Plan"), an ERISA-governed employee welfare benefit plan sponsored by Daimler, and funded by a group life insurance policy issued by MetLife. [Id.]. MetLife identified two potential competing claimants to the Plan benefits: the Decedent's fiancé, Stelletta Smith-Howell ("Smith-Howell"), and the Decedent's son, Travis J. Flack ("Flack"). [Id.]. On June 12, 2018, MetLife filed a Motion for Receipt and Deposit of Funds with respect to $165,000.00 in disputed funds. [Doc. 5]. This Court granted MetLife's Motion on June 18, 2018. [Doc. 7]. On June 19, 2018, MetLife filed an Amended Complaint, reflecting therein that $3,300.00 of the benefits at issue had been distributed, leaving a balance of $161,700.00, plus interest, in disputed funds. [Doc. 8]. On July 9, 2018, this Court granted MetLife's Motion for Amended Order on Receipt and Deposit of Interpleader Funds. [Doc. 10]. On the same date, MetLife deposited $163,321.43 with the Clerk of this Court.

MetLife served the original pleadings by certified mail, which were received by Defendant Smith-Howell on June 20, 2018. [Docs. 11, 11-1]. Thereafter, MetLife served the amended pleadings, which were received by Defendant Smith-Howell on July 10, 2018. [Docs. 11, 11-2]. Defendant Smith-Howell's Answer or other responsive pleading was due on July 11, 2018. To date, she has not filed any responsive pleading.

MetLife served the original pleadings and amended pleadings on Defendant Flack by certified mail, and such pleadings were received by Defendant Flack on June 21 and 22, 2018, respectively. [Docs. 11, 11-3, 11-4]. Defendant Flack's Answer or other responsive pleading was due on July 13, 2018. To date, he has not filed any responsive pleading.

On July 10, 2018, MetLife's counsel sent correspondence via U.S. mail to Defendants Smith-Howell and Flack informing them that MetLife deposited a check in the amount of $163,321.43 with this Court and that the funds would remain on deposit with the Court subject to further orders. [Haynes Aff., Doc. 19-1 at ¶ 13]. On August 10, 2018, MetLife's counsel sent correspondence via Certified Mail to Defendant Smith-Howell and via Federal Express to Defendant Flack. In the correspondence, said counsel confirmed Defendants' receipt of the Complaint and Amended Complaint and informed the Defendants that MetLife deposited funds with the Court and requested a response regarding the status of the Defendants' Answers. [Id. at ¶ 14]. MetLife enclosed another courtesy copy of the Amended Complaint. Neither Defendant, however, responded.

On August 28, 2018, MetLife sought to be discharged and dismissed from this action. [Doc. 12]. On September 6, 2018, this Court denied MetLife's Motion for Discharge and Dismissal because "neither of the

Defendants/potential Claimants in Interpleader has answered or otherwise responded to the Plaintiff's Complaint." [Doc. 13].

On October 16, 2018, MetLife filed a Request for Entry of Default against Defendants Smith-Howell and Flack. [Doc. 14]. The Clerk of Court entered default against both Defendants on October 17, 2018. [Doc. 15].

On December 7, 2018, MetLife filed the present motions, seeking the entry of a default judgment under Rule 55(b)(1) of the Federal Rules of Civil Procedure and the award of attorneys' fees and costs. [Docs. 17, 19].

## II. STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Once a defendant has been defaulted, the plaintiff may then seek a default judgment. If the plaintiff's claim is for a sum certain or can be made certain by computation, the Clerk of Court may enter the default judgment. Fed. R. Civ. P. 55(b)(1). In all other cases, the plaintiff must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b)(2).

## III. DISCUSSION

The Defendants and Claimants in Interpleader have not appeared in this case despite being properly served process, and an entry of default has

been made against them.  As the Defendants and Claimants in Interpleader have failed to appear or otherwise defend this action, and neither appears to be a minor or incompetent [see Doc. 21], the Court concludes that the entry of a default judgment is appropriate.

MetLife is a disinterested stakeholder which claims no interest in the Plan benefits under the Policy which are the subject of this action. Nevertheless, MetLife has been forced to incur attorneys' fees in connection with filing this action, effectuating service on the Defendants, and in requesting entry of default and default judgment.  In an interpleader action, the stakeholder's recovery may include "the preparation of the petition for interpleader, the deposit of the contested funds with the court, and the preparation of the order discharging the stake holder."  <u>Administrator-Benefits for ExxonMobil Sav. Plan & for Family Adjustment Plan v. Lenoir</u>, No. 3:11-CV-437-RJC-DCK, 2012 WL 5930147, at *5 (W.D.N.C. Oct. 30, 2012) (citation omitted), <u>report and recommendation adopted</u>, No. 3:11-CV-437-RJC-DCK, 2012 WL 5930259 (W.D.N.C. Nov. 27, 2012).  MetLife has incurred more attorneys' fees than would have been necessary had the Defendants/Claimants in Interpleader timely responded to MetLife's Complaint. Accordingly, the Court concludes that an award of attorneys' fees and costs to MetLife would be appropriate.  Upon review of MetLife's

application and supporting documentation, the Court finds that MetLife's requested award of $9,350.82 is reasonable.

Accordingly, **IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** as follows:

(1) The Plaintiff's Motion for Default Judgment [Doc. 17] is **GRANTED**, and a default judgment is hereby entered as against the Defendants and Claimants in Interpleader Stelletta Smith-Howell and Travis Flack;

(2) The Plaintiff's Application for Award of Attorneys' Fees and Costs [Doc. 19] is **GRANTED**, and the Plaintiff is hereby awarded $9,350.82 in attorneys' fees and costs from the deposited interpleader funds;

(3) The Plaintiff is dismissed from this action with prejudice;

(4) The Plaintiff, Daimler Trucks North America, LLC, and the Daimler Group Life Insurance Plan are hereby fully discharged from any further liability for the deposited interpleader funds; and

(5) The Defendants/Claimants in Interpleader are hereby restrained and enjoined from instituting any action or proceeding in any state or United States court against the Plaintiff, Daimler Trucks North America, LLC, or the Daimler Group Life Insurance Plan

for the recovery of Plan Benefits (plus any applicable interest) by reason of the death of the Decedent.

The Clerk's Office is respectfully directed to provide a copy of this Order to the Plaintiff and the Defendants and thereafter to close this civil case.

**IT IS SO ORDERED**.

Signed: January 22, 2019

Martin Reidinger
United States District Judge