# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:18-cv-00164-MR

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, ) ) ) Plaintiff, ) ) vs. ) ) STELLETTA SMITH-HOWELL and ) TRAVIS FLACK, ) ) Defendants. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Defendant Stelletta Smith-Howell's Motion to Set Aside Default Judgment and For Leave to File Answer to Complaint [Doc. 24].

## I.  PROCEDURAL BACKGROUND

On June 12, 2018, Metropolitan Life Insurance Company ("MetLife") filed a Complaint in Interpleader with respect to certain life insurance benefits which became payable upon the death of Lester Flack, Jr. ("Decedent"). [Doc. 1]. The Decedent was an employee of Daimler Trucks North America, LLC ("Daimler") and a participant in the Daimler Group Life Insurance Program ("the Plan"), an ERISA-governed employee welfare benefit plan

sponsored by Daimler, and funded by a group life insurance policy issued by MetLife. [Id.]. MetLife identified two potential competing claimants to the Plan benefits: the Decedent's fiancé, Stelletta Smith-Howell ("Smith-Howell"), and the Decedent's son, Travis J. Flack ("Flack"). [Id.]. On June 12, 2018, MetLife filed a Motion for Receipt and Deposit of Funds with respect to $165,000.00 in disputed funds. [Doc. 5]. This Court granted MetLife's Motion on June 18, 2018. [Doc. 7]. On June 19, 2018, MetLife filed an Amended Complaint, reflecting therein that $3,300.00 of the benefits at issue had been distributed, leaving a balance of $161,700.00, plus interest, in disputed funds. [Doc. 8]. On July 9, 2018, this Court granted MetLife's Motion for Amended Order on Receipt and Deposit of Interpleader Funds. [Doc. 10]. On the same date, MetLife deposited $163,321.43 with the Clerk of this Court.

MetLife served the original pleadings by certified mail, which were received by Defendant Smith-Howell on June 20, 2018. [Docs. 11, 11-1]. Thereafter, MetLife served the amended pleadings, which were received by Defendant Smith-Howell on July 10, 2018. [Docs. 11, 11-2]. Defendant Smith-Howell's Answer or other responsive pleading was due on July 11, 2018. Defendant Smith-Howell failed to timely file a responsive pleading.

MetLife served the original pleadings and amended pleadings on Defendant Flack by certified mail, and such pleadings were received by Defendant Flack on June 21 and 22, 2018, respectively. [Docs. 11, 11-3, 11-4]. Defendant Flack's Answer or other responsive pleading was due on July 13, 2018. Defendant Flack failed to timely file a responsive pleading.

On July 10, 2018, MetLife's counsel sent correspondence via U.S. mail to Defendants Smith-Howell and Flack informing them that MetLife deposited a check in the amount of $163,321.43 with this Court and that the funds would remain on deposit with the Court subject to further orders. [Doc. 19-1 at ¶ 13]. On August 10, 2018, MetLife's counsel sent correspondence via Certified Mail to Defendant Smith-Howell and via Federal Express to Defendant Flack. In the correspondence, said counsel confirmed Defendants' receipt of the Complaint and Amended Complaint and informed the Defendants that MetLife deposited funds with the Court and requested a response regarding the status of the Defendants' Answers. [Id. at ¶ 14]. MetLife enclosed another courtesy copy of the Amended Complaint. Neither Defendant, however, responded.

On October 16, 2018, MetLife filed a Request for Entry of Default against Defendants Smith-Howell and Flack. [Doc. 14]. On October 17, 2018, the Clerk of Court entered default against both Defendants. [Doc. 15].

On December 7, 2018, MetLife filed a Motion for Default Judgment [Doc. 17] and an Application for Award of Attorneys' Fees and Costs [Doc. 19], seeking the entry of a default judgment under Rule 55(b)(1) of the Federal Rules of Civil Procedure and the award of attorneys' fees and costs. On January 22, 2019, the Court entered an Order granting Metlife's Motion for Default Judgment and Metlife's Application for Award of Attorneys' Fees and Costs. [Doc. 22]. The Court entered a default judgment against Defendant Smith-Howell and Defendant Flack, dismissed Metlife from the action, enjoined Defendant Smith-Howell and Defendant Flack from instituting any action against Metlife, Daimler Trucks North America, LLC, or the Daimler Group Life Insurance Plan for the recovery of deposited interpleader funds, and awarded Metlife $9,350.82 in attorneys' fees and costs from the deposited interpleader funds. [Id.].

On August 19, 2019, Defendant Smith-Howell filed a Motion to Set Aside Default Judgment and For Leave to File Answer to Complaint [Doc. 24].

## II. STANDARD OF REVIEW

Rule 55(c) of the Federal Rules of Civil Procedure provides: "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with

Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b) allows a court to relieve a party from a judgment on several grounds, including "mistake, inadvertence, surprise, or excusable neglect; . . . [if] applying it prospectively is no longer equitable; or any other reason that justifies relief." Id. at (60)(b). A motion under Rule 60(b) "must be made within a reasonable time" and must be made within a year of the entry of the judgment if it is based on mistake, inadvertence, surprise, or excusable neglect. Id. at 60(c)(1).

"Rule 60(b) motions are addressed to the sound discretion of the district court." Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 810 (4th Cir. 1988). "The law disfavors default judgments as a general matter[,]" Tazco, Inc. v. Director, Office of Workers Compensation Program, U.S. Dep't of Labor, 895 F.2d 949, 950 (4th Cir.1990), and the Fourth Circuit has recently "taken an increasingly liberal view of Rule 60(b)." Augusta Fiberglass Coatings, Inc., 843 F.2d at 810. As such, "a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense." Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249, 251 (4th Cir. 1967). A court considering a motion to set aside a default judgment also should "consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party,

5

the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 203 (4th Cir. 2006).

## III. DISCUSSION

Defendant Smith-Howell alleges that Defendant Flack "acknowledged" that his actions in changing the beneficiary designation was wrong and "that Travis Flack had abandoned his claim to any additional life insurance proceeds." [Doc. 25 at ¶¶ 21, 26]. Accordingly, Defendant Smith-Howell did not respond to the litigation in this matter because she believed "the issue to be settled." [Id. at ¶ 26]. As such, Defendant Smith-Howell "did not recognize the importance of responding to the Amended Complaint, and therefore did not retain counsel or take any other action." [Id.]. Standing alone, Defendant Smith-Howell's mistaken understanding regarding the consequences of not responding to the Amended Complaint does not provide grounds for setting aside the default judgment under Rule 60(b)(1).

The circumstances of this case, however, demonstrate that the default judgment should be set aside in the interest of justice. Defendant Smith-Howell has presented a forecast of evidence that would establish a meritorious claim to the funds in dispute here. [Doc. 25 at 11-12]. Defendant Smith-Howell also acted within a reasonable time after learning of the default

judgment by engaging counsel and filing this motion. [Id. at ¶ 21]. Further, setting aside the default judgment is not likely to prejudice Defendant Flack because he received a copy of Defendant Smith-Howell's motion, he will receive a copy of this Order, he is not a beneficiary under the default judgment who may be harmed by setting it aside, and he will be able to litigate this matter on the merits if desired. Defendant Smith-Howell also alleges that Defendant Flack has "abandoned his claim" to the funds at issue here, further decreasing the likelihood that he would be prejudiced by setting aside the default judgment. [Doc. 25 at ¶¶ 21, 26].

Given the unique circumstances of this case, the Court will exercise its discretion to set aside the default judgment under Rule 60(b) and allow Defendant Smith-Howell to respond to the Amended Complaint.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that Defendant Smith-Howell's Motion to Set Aside Default Judgment and For Leave to File Answer to Complaint [Doc. 24] is **GRANTED**, the Default Judgment [Doc. 22] is **SET ASIDE**, and the Entry of Default with respect to this Defendant [Doc. 15] is **STRICKEN**.

**IT IS FURTHER ORDERED** that Defendant Smith-Howell shall file her Answer or otherwise respond to MetLife's Amended Complaint [Doc. 8] within fourteen (14) days of the entry of this Order.

**IT IS SO ORDERED.**

Signed: November 26, 2019

Martin Reidinger
United States District Judge